UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | * |
| *ex rel.* MICHAEL BAWDUNIAK, | * |
| | * |
| Plaintiffs, | * |
| | *  Civil Action No. 12-cv-10601-IT |
| v. | * |
| | * |
| BIOGEN IDEC, INC., | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

TALWANI, D.J.

Before the court is Relator Michael Bawduniak's Motion for Leave to File an Amended Complaint or, Alternatively, for Court to revise its Order Dismissing State False Claims Act Counts [#197]. For the following reasons, Relator's motion is DENIED.

Relator states that he has received Medicaid claims data from two states, Michigan and Washington, and believes that he will receive responses from thirteen other states and the District of Columbia showing comparable claims data. Relator's Mot. for Leave ¶¶ 2–3. Under Fed. R. Civ. P. 15(a)(2), a party may amend a pleading "with the court's leave." "'[U]ndue delay in moving to amend, even standing alone,' can provide a court with adequate grounds to deny leave." Kader v. Sarepta Therapeutics, Inc., 887 F.3d 48, 61 (1st Cir. 2018) (quoting Zullo v. Lombardo (In re Lombardo), 755 F.3d 1, 3 (1st Cir. 2014)). Here, the court finds that Relator acted with undue delay.

Defendant's Motion to Dismiss pursuant to Rule 8, 9(b), and 12(b)(6) [#139] was filed in July 2016. Defendant argued in connection with that motion that Relator's Third Amended Complaint [#132] "fails to allege any facts connection Biogen's purported conduct to 17 of the

States on whose behalf Relators seek to assert claims, and thus fails to plausibly allege violations of those States' false claims acts." Def. Mem. 18 [#140].[1] The court agreed and dismissed claims under the laws of 17 states and the District of Columbia. Mem. & Order [#179]. Despite being alerted to this issue in July 2016, Relator apparently made no efforts to obtain this information, reporting instead that his counsel has been in contact with the states since the court issued the April 2018 Memorandum and Order [#179]. See Relator's Mem. 6 [#198]. While Relator may have hoped that the court would overlook this ground for dismissal in Defendant's motion, and that he could obtain the missing information through discovery, he proceeded with that tactic at his own peril, particularly where this *qui tam* case had already been unsealed for a full year at the time Defendant flagged the issue. The undue delay warrants denial of Relator's leave to amend.

Relator argues that "[i]n the absence of prejudice to the non-moving party, 'courts may not deny an amendment solely because of delay.'" Relator's Mem. 9 [#198], quoting Hayes v. New Eng. Millwork Distribs., Inc., 602 F.2d 15, 19 (1st Cir. 1979). But, as Hayes itself states in the same sentence that Relator only partially quotes, "it is clear that 'undue delay' can be a basis for denial." 602 F.2d at 19. Here, the delay at issue is undue, regardless of the question of prejudice.

In attempting to show the absence of any prejudice to Biogen, Relator underscores a further reason as to why Relator should not be excused for his lack of diligence in seeking this data. Relator argues that adding the state False Claims Act claims would not affect Defendant's liability for actual damages, but will only affect the amount that Relator can recover in fees. See Relator's Mem. 4 [#198]. The *qui tam* provisions were set up during the Civil War to "provide

---

[1] Defendant argued further that claims under two states laws failed for other reasons under those states' laws. Id. at n.8.

cash bounties in certain circumstances to private citizens who successfully bring suit against those who defraud the federal government" in order to "set up incentives to supplement government enforcement." United States ex rel. Springfield Terminal Ry. Co. v. Quinn, 14 F.3d 645, 649 (D.C. Cir. 1994); see also United States ex rel. Duxbury v. Ortho Biotech Products, L.P., 579 F.3d 13, 16 (1st Cir. 2009) ("The FCA contains qui tam provisions that 'supplement federal law enforcement resources by encouraging private citizens to uncover fraud on the government.'" (quoting United States ex rel. Rost v. Pfizer, Inc., 507 F.3d 720, 727 (1st Cir. 2007), overruled on other grounds by Allison Engine Co. v. United States ex rel. Sanders, 553 U.S. 662 (2008))). While the public policy behind the FCA statutes and similar state statutes is to reward private parties who assist the government in combatting false claims, no public policy is served by excusing Relator's inaction in seeking such data and further delaying this action through another round of amended pleadings, just so that Relator may be able to obtain an additional bounty with no benefit to the government.

Relator requests in the alternative that the court reconsider the April 2018 Order [#179]. An interlocutory order may be reconsidered by a court in limited circumstances. Relator contends that reconsideration is warranted because the First Circuit's decision in United States ex rel. Nargol v. DePuy Orthopaedics, Inc., 865 F.3d 29, 42 (1st Cir. 2017) was decided "[s]ubsequent to the briefing on the motions to dismiss" and "establishes that the showing the Relator made in the [Third Amended Complaint] and its exhibits adequately pled claims under the Dismissed States' [False Claims Act] statutes." Relator's Mem. 2, 15 [#198].

Relator misframes the record in this case. Nargol was not only decided eight months *before* the hearing on Defendant's Motion to Dismiss Relator's Third Amended Complaint [#139], see [#175], but was raised by Relator at the hearing before this court. The court then

3

allowed the parties to submit supplemental briefings about the impact of Nargol on this case, which both parties submitted. See [## 177, 178]. The court considered Nargol, the parties' arguments, and the supplemental briefings prior to issuing its April 2018 Order [#179]. Relator's reliance here on the issuance of Nargol after initial briefing is misplaced. Further, Relator has not presented a persuasive argument as to why the court's reasoning in its April 2018 Order [#179] was incorrect.

For the reasons set forth above, Relator's Motion for Leave to File an Amended Complaint or, Alternatively, for Court to revise its Order Dismissing State False Claims Act Counts [#197] is DENIED.

IT IS SO ORDERED.

Date: November 13, 2018                                /s/ Indira Talwani
                                                      United States District Judge