UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* MICHAEL BAWDUNIAK, <br><br> Plaintiff-Relator, <br><br> vs. <br><br> BIOGEN IDEC INC., <br><br> Defendant. | Civil Action No. 12-10601-IT |

## STIPULATION AND ORDER OF SETTLEMENT

WHEREAS, this Stipulation and Order of Settlement (the "Stipulation and Order of Settlement") is entered into by and among the qui tam relator Michael Bawduniak ("Relator"), and defendant Biogen Inc., formerly known as Biogen Idec Inc. ("Biogen," and together with Relator, the "Settling Parties"), through their respective authorized representatives;

WHEREAS, in April 2012, Relator filed a complaint in the above-captioned action (the "Action") in the United States District Court for the District of Massachusetts (the "Court") under the qui tam provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 et seq. (the "FCA"), which complaint was subsequently amended on July 11, 2013 and June 15, 2016, alleging, inter alia, that Biogen violated the FCA and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) (the "AKS"), as well as the laws of the states of California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Washington, Wisconsin and the District of Columbia;

1

WHEREAS, on July 1, 2015, the United States filed a notice of election of non-intervention at this time in the Action;

WHEREAS, the States also have not intervened in the Action;

WHEREAS, in the Court's Order on Biogen's Motion to Dismiss Pursuant to Rules 8, 9(b) and 12(b)(6) (Doc. No. 179), the Court dismissed the claims brought under the laws of Colorado, Delaware, Florida, Hawaii, Indiana, Iowa, Louisiana, Maryland, Michigan, Minnesota, Montana, Nevada, New Mexico, Oklahoma, Rhode Island, Virginia, Washington and the District of Columbia;

WHEREAS, following the Court's Order on Biogen's Motion to Dismiss Pursuant to Rules 8, 9(b) and 12(b)(6) (Doc. No. 179), Relator alleges that from January 1, 2009, through March 18, 2014, Biogen held programs through which it offered and paid remuneration, including in the form of speaker honoraria, speaker training fees, consulting fees and meals, to health care professionals who spoke at and/or attended Biogen's speaker programs, speaker training meetings or consultant programs to induce them to prescribe Avonex®, Tysabri® and Tecfidera® in violation of the AKS, and thereby caused false claims for prescriptions for those drugs to be submitted for one year following each alleged AKS violation and paid by Medicare and Medicaid in violation of the FCA and the laws of the states of California, Connecticut, Georgia, Illinois, Massachusetts, New Jersey, New York, North Carolina, Tennessee, Texas and Wisconsin (the "States").  The conduct described in this Paragraph is the "Covered Conduct" for purposes of this Stipulation and Order of Settlement;

WHEREAS, Biogen denies all of Relator's allegations and contends that it acted appropriately and in conformity with all applicable federal and state laws and guidelines, including the AKS and FCA, at all relevant times;

WHEREAS, to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the claims against Biogen set forth in the Action, the Settling Parties have, through this Stipulation and Order of Settlement, reached a full and final mutually agreeable resolution addressing the claims against Biogen in the Action;

WHEREAS, pursuant to 31 U.S.C. § 3730(b)(1) and the Court's July 6, 2015 Order (Doc. No. 69), the United States has informed the Settling Parties in writing that, within three (3) business days of Biogen's timely payment of the full Settlement Amount pursuant to Paragraph 3(a) below, the United States will file a consent to the dismissal of the Action with prejudice, including as to the United States, in the form attached hereto as Exhibit A;

WHEREAS, the States (pursuant to state analogs of 31 U.S.C. § 3730(b)(1) or otherwise) also have informed the Settling Parties in writing that, within three (3) business days of Biogen's timely payment of the full Settlement Amount pursuant to Paragraph 3(b) below, the States will file a consent to the dismissal of the Action with prejudice, including as to the States, in the form attached hereto as Exhibit A;

WHEREAS, the states of Florida, Michigan, Minnesota and Washington (the "Additional States"), which were initially named in the Action, will receive a share of the proceeds from the settlement amount referenced in Paragraph 3(b) below in connection with claims for reimbursement for Avonex®, Tysabri® and Tecfidera® paid by these states;

WHEREAS, the Additional States have informed the Settling Parties in writing that they agree that the Covered Conduct includes the claims of the Additional States as if they had not been dismissed from the Action, and, within three (3) business days of Biogen's timely payment of the full Settlement Amount pursuant to Paragraph 3(b) below, the Additional States (pursuant to state

analogs of 31 U.S.C. § 3730(b)(1) or otherwise) will file a consent to the dismissal of the Action with prejudice, including as to the Additional States, in the form attached hereto as Exhibit A;

WHEREAS, the Relator's claim to a share of the proceeds from the settlement of claims arising from the Action will be the subject of separate agreements between Relator and the United States, and between Relator and the States and the Additional States;

NOW, THEREFORE, upon the Settling Parties' agreement, it is hereby ORDERED that:

1. The Settling Parties agree that this Court has subject matter jurisdiction over the Action and consent to this Court's exercise of personal jurisdiction over each of them.

2. The Settling Parties agree that this Stipulation and Order of Settlement is not an admission of liability or of any fact by Biogen or any of its affiliates, subsidiaries, predecessors, and corporate successors and assigns, or any of its current and former officers, directors, employees, attorneys, and other agents. Biogen is entering into this Agreement without trial or adjudication of any issue of fact. No part of this Stipulation and Order of Settlement shall constitute evidence against, or admission by, Biogen or its affiliates, subsidiaries, predecessors, and corporate successors and assigns, or any of its current and former officers, directors, employees, attorneys, and other agents, with respect to any issue of law or fact.

3. Biogen shall pay to the United States, the States and the Additional States, collectively, a total of $900,000,000 (the "Settlement Amount") within twenty (20) business days of the Effective Date (defined below in Paragraph 18), of which $600,000,000 constitutes restitution for alleged damage or harm caused by alleged violation of law within the meaning of 26 U.S.C. § 162(f)(2)(A)(i)(I) ("Restitution") to the United States, the States and the Additional States. The Settlement Amount shall be paid as follows:

    a. Biogen shall pay to the United States $843,805,187 of which $562,536,792 is Restitution, by electronic funds transfer pursuant to written instructions to be provided by the Civil Division of the United States Department of Justice.

    b. Biogen shall pay to the States and Additional States a total of $56,194,813, of which $37,463,208 is Restitution, by electronic funds transfer to the New York State Attorney General's National Global Settlement Account pursuant to written instructions from the state negotiating team (the "State Team"), which written instructions shall be delivered to counsel for Biogen.

    c. Biogen will not make any payment to Relator from the Settlement Amount. Relator will enter into separate agreements with the United States, the States and Additional States, regarding his share of the Settlement Amount.

4. Conditioned on Biogen's timely payment of the full Settlement Amount pursuant to Paragraph 3 above, Relator, for himself and his heirs, successors, attorneys, agents, and assigns, releases Biogen, including its affiliates, subsidiaries, predecessors, and corporate successors and assigns, as well as all of its current and former officers, directors, employees, attorneys, and other agents, from any and all manner of claims, proceedings, liens, and causes of action of any kind or description that Relator has against Biogen related to or arising from the Action or the Covered Conduct; provided however, that nothing in this Stipulation and Order of Settlement shall preclude Relator from seeking to recover his reasonable expenses which the Court finds to have been necessarily incurred and reasonable attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d).

5. In consideration of the execution of this Stipulation and Order of Settlement by Relator and Relator's release as set forth in Paragraph 4 above, Biogen, including its affiliates,

subsidiaries, predecessors, and corporate successors and assigns, as well as all of its current and former officers, directors, employees, attorneys, and other agents, release Relator, and his heirs, attorneys, agents, successors, and assigns, from any and all manner of claims, proceedings, liens, and causes of action of any kind or description that Biogen has against Relator related to or arising from the Action or the Covered Conduct.

6.  In consideration of Biogen's agreement to pay the Settlement Amount, the United States (pursuant to 31 U.S.C. § 3730(b)(1)), and the States and Additional States (pursuant to state analogs of 31 U.S.C. § 3730(b)(1) or otherwise), have separately indicated in writing that, within three (3) business days of Biogen's timely payment of the full Settlement Amount pursuant to Paragraph 3 above, the United States, States, and Additional States (pursuant to state analogs of 31 U.S.C. § 3730(b)(1) or otherwise) will file a consent to the dismissal of the Action with prejudice, including as to the United States, States, and Additional States, in the form attached hereto as Exhibit A.

7.  Within three (3) business days of the United States, States, and Additional States filing the consent in the form attached hereto as Exhibit A as described in Paragraph 6 above, Relator and Biogen shall sign and file in the Action a joint stipulation of dismissal of the Action with prejudice, including as to Relator, the United States, the States and Additional States in the form attached hereto as Exhibit B.  Relator preserves and will not dismiss Relator's claims under 31 U.S.C. § 3730(d) for a share of the proceeds of this Stipulation and Order of Settlement and claims for reasonable expenses, attorneys' fees and costs.

8.  Each of the Settling Parties shall bear its own legal and other costs incurred in connection with this matter; provided, however, that nothing in this Stipulation and Order of Settlement shall preclude Relator from seeking to recover his reasonable expenses which the

Court finds to have been necessarily incurred or reasonable attorneys' fees and costs, pursuant to 31 U.S.C. § 3730(d) and analogous provisions in state law.

9. This Stipulation and Order of Settlement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation and Order of Settlement is the United States District Court for the District of Massachusetts. The Court will retain jurisdiction over the enforcement and interpretation of this Stipulation and Order of Settlement and to resolve all disputes arising hereunder. The Court will further retain jurisdiction over Relator's claims under 31 U.S.C. § 3730(d) for (i) a share of the proceeds of this Stipulation and Order of Settlement and (ii) reasonable expenses, attorneys' fees and costs.

10. For purposes of construing this Stipulation and Order of Settlement, it shall be deemed to have been drafted by the Settling Parties, and shall not, therefore, be construed against any Settling Party for that reason in any subsequent dispute.

11. This Stipulation and Order of Settlement constitutes the entire agreement between the Settling Parties with respect to the subject matter thereof. This Stipulation and Order of Settlement may not be amended except by written consent of the Settling Parties. No prior agreements, oral representations or statements shall be considered part of this Stipulation and Order of Settlement.

12. The undersigned counsel and other signatories represent and warrant that they are fully authorized to enter into this Stipulation and Order of Settlement on behalf of the persons and the entities indicated below.

13. This Stipulation and Order of Settlement is binding on Biogen's successor entities.

14.     This Stipulation and Order of Settlement is binding on Relator's successors, transferees, heirs, and assigns.

15.     This Stipulation and Order of Settlement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation and Order of Settlement.  E-mails that attach signatures in PDF form or facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation and Order of Settlement.

16.     Biogen agrees that it shall not seek payment of any of the health care billings covered by this Stipulation and Order of Settlement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third-party payors based on the claims defined as the Covered Conduct.

17.     Any notice pursuant to this Stipulation and Order of Settlement shall be in writing and shall, unless expressly provided otherwise herein, be delivered by hand, express courier, or e-mail transmission followed by postage-prepaid mail, and shall be addressed as follows:

TO THE RELATOR:

> Thomas M. Greene
> Michael A. Tabb
> GREENE LLP
> One Liberty Square, Suite 1200
> Boston, MA 02109
> Email: tgreene@greenellp.com
>  matabb@greenellp.com

TO BIOGEN:

> Evan R. Chesler
> Rachel G. Skaistis
> Michael P. Addis
> CRAVATH, SWAINE & MOORE LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York 10019
> Email: echesler@cravath.com
>  rskaistis@cravath.com
>  maddis@cravath.com

> Aaron M. Katz
> ROPES & GRAY LLP
> Prudential Tower
> 800 Boylston Street
> Boston, MA 02199-3600
> (617) 951-7000
> aaron.katz@ropesgray.com

18. The effective date of this Stipulation and Order of Settlement is the date when it has been executed by both Settling Parties (the "Effective Date"). Electronic transmissions of signatures shall constitute acceptable, binding signatures.

For Relator Michael Bawduniak:

Dated: 9/23/2022

GREENE LLP

By *[signature]*
Thomas M. Greene (BBO #210020)
Michael Tabb (BBO #491310)
One Liberty Square, Suite 1200
Boston, MA 02109
(617) 261-0040
tgreene@greenellp.com
matabb@greenellp.com

Dated: 9-23-2022

*[signature]*
MICHAEL BAWDUNIAK
Relator

For Biogen Inc.:

Dated: _____

ROPES & GRAY LLP

By _____
Aaron M. Katz (BBO #662457)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
(617) 951-7000
aaron.katz@ropesgray.com

Evan R. Chesler (admitted *pro hac vice*)
Rachel G. Skaistis (admitted *pro hac vice*)
Michael P. Addis (admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
(212) 474-1000
echesler@cravath.com

Dated: _____

BIOGEN INC.

By: _____
Martha Born
Chief Litigation Counsel
Biogen Inc.

10

| For Relator Michael Bawduniak: | For Biogen Inc.: |
|---|---|
| Dated: _____ | Dated: 9/23/22 |
| GREENE LLP | ROPES & GRAY LLP |
| By _____<br>Thomas M. Greene (BBO #210020)<br>Michael Tabb (BBO #491310)<br>One Liberty Square, Suite 1200<br>Boston, MA 02109<br>(617) 261-0040<br>tgreene@greenellp.com<br>matabb@greenellp.com | By _____<br>Aaron M. Katz (BBO #662457)<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199-3600<br>(617) 951-7000<br>aaron.katz@ropesgray.com |
| Dated: _____ | Evan R. Chesler (admitted *pro hac vice*)<br>Rachel G. Skaistis (admitted *pro hac vice*)<br>Michael P. Addis (admitted *pro hac vice*)<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, New York 10019<br>(212) 474-1000<br>echesler@cravath.com |
| _____<br>MICHAEL BAWDUNIAK<br>Relator | Dated: 9/23/22<br><br>BIOGEN INC.<br><br>By: _____<br>Martha Born<br>Chief Litigation Counsel<br>Biogen Inc. |

10

SO ORDERED ON THIS \_\_\_\_ DAY OF _____, 2022:

_____
HON.  INDIRA TALWANI
UNITED STATES DISTRICT COURT JUDGE